# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DESHAWN VALENTINE, | * | |
| Petitioner | * | |
| v | * | Civil Action No. RDB-18-1427 |
| RICKY FOXWELL, Warden, | * | |
| Respondent | * | |

## MEMORANDUM OPINION

On April 29, 2018,[1] Deshawn Valentine filed this 28 U.S.C. § 2254 habeas corpus Petition attacking his 2015 conviction for theft. ECF No. 1. On June 15, 2018, Respondent filed a limited answer arguing that the Petition should be dismissed as untimely. ECF No. 4. Pursuant to *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002), the Court afforded Valentine an opportunity to explain why his Petition should not be dismissed as time-barred. ECF No. 5. Valentine failed to file such an explanation and the time for doing so has expired.

This matter has been fully briefed. Upon review, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts;* Local Rule 105.6 (D. Md. 2016); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to hearing under 28 U.S.C. § 2254(e)(2)). For the reasons set forth herein, the Court DENIES a Certificate of Appealability, and DENIES and DISMISSES this action with prejudice.

---

[1] This is the date Valentine indicates that he signed the § 2254 Petition, ECF No. 1 at 6, and the Court will assume that this is also the date that Valentine gave the Petition to prison officials for mailing. Because Valentine is incarcerated, he is entitled to the benefit of the prison mailbox rule, which provides that a prisoner's filing of a court document is complete on the date he or she gives the document to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988).

## BACKGROUND

On September 30, 2015, Valentine pled guilty to theft in the Baltimore City Circuit Court. ECF No. 1 at 1; ECF No. 4 at 3; ECF No. 4-1 at 3. On December 18, 2015, he was sentenced to 15 years' imprisonment, with 3 years' suspended. ECF No. 4 at 3. Valentine did not file a direct appeal. ECF No. 1 at 2; ECF No. 4 at 3.

On August 2, 2017, Valentine filed a Motion to Correct Illegal Sentence, which was denied two weeks later. ECF No. 4-1 at 5. On September 11, 2017, Valentine filed a Motion for Post-Conviction Relief, which he voluntarily withdrew on March 8, 2018. *Id.* at 5, 8. Valentine filed a Motion for Diminution of Sentence for Good Behavior on April 26, 2018, and a Petition for Post-Conviction Relief on May 11, 2018. *Id.* at 8. Both of those filings were pending at the time this Court received and docketed the instant Petition.

Valentine filed the instant Petition for Habeas Corpus Relief pursuant to 28 U.S.C. § 2254 on April 29, 2018. ECF No. 1. As his single ground for relief, Valentine argues that the Baltimore City Circuit Court lacked jurisdiction over his case, explaining that "the grave man [sic] for theft in Md is the exchange of property. The state said we exchange property in P.G. [Prince George's] County Md. and said I never cam[e] back to Baltimore. They the state [sic] did not say w[h]ere I drop her off at." *Id.* at 5 (some capitalization altered). In response to the § 2254 form's statement "[i]f this petition is being filed more than one year after your conviction became final, explain why it is late and/or why you believe the one year limitations period does not apply," Valentine states "just saved enough money to buy records of plea did not know the cost was going to be $240.00." *Id.* (some capitalization altered).

Respondent filed a limited answer asserting that Valentine's § 2254 Petition should be dismissed as untimely under § 2244(d). ECF No. 4 at 4-5. The Court afforded Valentine an opportunity to explain why his petition should not be dismissed as time-barred, and explained the possible consequence of failing to do so, ECF No. 5, but Valentine has not responded.

## DISCUSSION

A Petition for Writ of Habeas Corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). However, timeliness is a threshold consideration when examining a petitioner's claims. Pursuant to 28 U.S.C. § 2244(d),

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

This one-year period is, however, tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending." § 2244(d)(2).

The limitations period may also be equitably tolled. In order to be entitled to equitable tolling, Valentine must establish that some wrongful conduct by Respondent prevented him from timely filing his § 2254 petition or that circumstances outside Valentine's control caused the delay. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). The application of equitable tolling must be "guarded and infrequent," and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330. Unfamiliarity with the law is not a basis for equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

Because Valentine does not provide any information suggesting that the triggering dates specified in § 2244(d)(1)(B)-(D) are applicable, the Court will rely on the date specified by § 2244(d)(1)(A). Valentine's conviction became final for purposes of § 2244(d)(1)(A) on January 18, 2016, when his time to file an application for leave to appeal the December 18, 2015 judgment of conviction expired. *See* Md. Rule 8-204 (application for leave to appeal must be filed within 30 days of judgment); *see also* Md. Code Ann. Ct. & Jud. Procedures § 12-302(e). The one-year filing period under § 2244 commenced on this date and ran uninterrupted until it expired on January 18, 2017. Valentine did not file the instant Petition until April 29, 2018, over 15 months later, making the Petition untimely.

In order to overcome this untimely filing, Valentine must demonstrate that he is entitled to equitable tolling. Valentine's sole argument for equitable tolling is that he "just saved enough money to buy records of plea." ECF No. 1 at 5 (some capitalization altered). The Court does not find this argument persuasive, as all of the facts necessary to make this claim were known to

4

Valentine at the time his conviction became final. Specifically, Valentine knew that the criminal proceedings were occurring in Baltimore City and he had personal knowledge of where the theft occurred at the time he was committing the crime. Records of the plea hearing were unnecessary to present this claim. Accordingly, Valentine has not demonstrated that he is entitled to equitable tolling.

## CONCLUSION

The Petition for Habeas Corpus Relief will be denied and dismissed. When a district court dismisses a habeas petition, a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court dismisses a habeas petition solely on procedural grounds, a petitioner satisfies this standard by demonstrating "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (internal quotation marks omitted); *see Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Because Valentine fails to satisfy this standard, the Court declines to issue a Certificate of Appealability.[2]

A separate Order follows.

August 8, 2018                                         /s/
Date                                                  RICHARD D. BENNETT
                                                           UNITED STATES DISTRICT JUDGE

---

[2] Denial of a certificate of appealability in the district court does not preclude Valentine from requesting a Certificate of Appealability from the appellate court.